NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SAVERIO DAGOSTINO, | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | Civ. No. 2:11-cv-02618 (WHW) |
| BALLY'S LAS VEGAS, a/k/a BALLY'S GRAND, INC.; CAESARS ENTERTAINMENT, INC.; JOHN DOE, | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Saverio Dagostino's complaint alleges that on May 10, 2009 Mr. Dagostino fell and was seriously injured in the Bally's Las Vegas casino as a result of Defendants' negligence. The two named Defendants, Bally's Las Vegas and Caesars Entertainment, Inc., move for a change of venue to the District of Nevada. It appears that the motion to transfer is based on 28 U.S.C. § 1406 ("§ 1406"), which provides for transfer where the original venue is improper. Mr. Dagostino opposes the motion. This Court finds that there is no basis for mandatory dismissal or transfer of venue under § 1406. It is unclear whether the Defendants are also moving for transfer of venue under 28 U.S.C. § 1404 ("§ 1404"), which allows a district court discretion to transfer cases. The Court denies the motion to transfer whether it is made under § 1404(a) or § 1406.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Dagostino alleges that he suffered serious injuries when he fell at Defendants' casino in Las Vegas, which had been negligently maintained. Cpl. ¶ 7. The Plaintiff filed his complaint

**NOT FOR PUBLICATION**

in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Cpl. ¶ 1. Mr. Dagostino is a resident of New Jersey. Cpl. ¶ 3. Bally's Grand, Inc. has its principal place of business in Nevada. Cpl. ¶ 4. Caesar's Entertainment, Inc., incorporated in Delaware, has its principal place of business in Nevada. Cpl. ¶ 5. The Defendants moved to transfer venue to the United States District Court for the District of Nevada without specifying the provision on which their motion is based.

## STANDARD OF REVIEW

Where jurisdiction is founded only on diversity of citizenship, venue is proper

only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). "For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

There are two sections of Code governing motions to transfer venue. "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). If venue is improper in the district where the case was brought, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The moving party must prove the impropriety of the plaintiff's choice of venue. 2 MOORE'S FEDERAL PRACTICE § 12.32[4] (3d ed.

**NOT FOR PUBLICATION**

1999). Even if venue is proper, the district court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice …." 28 U.S.C. § 1404(a).

## DISCUSSION

Based on the Defendants' statement that "the only location for venue in this matter is the United States District Court for the District of Nevada," it appears that Defendants are moving for mandatory transfer under § 1406. Def. Br. ¶ 7. Defendants argue that under 28 U.S.C. 1391(a) this action could only be brought in Nevada because that is where Defendants reside and that is where the events giving rise to the claim occurred. Def. Br. ¶¶ 6-7. Defendants ignore 28 U.S.C. § 1391(c), which states clearly that for purposes of venue, a corporation is deemed to reside in any district in which it is subject to personal jurisdiction. See Jumara, 55 F.3d at 879 (Holding that venue is proper where defendant corporation transacts business and is therefore subject to personal jurisdiction) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 n. 8 (1988)).

The Plaintiff and the Defendants use the terms citizenship and residency interchangeably, somewhat confusing the issue of where the Defendants reside for purposes of venue. In the section of the complaint regarding diversity jurisdiction, the Plaintiff alleges that "the Defendants are entities or individuals who reside in the State of Nevada." Cpl. ¶ 1. But it is clear from the totality of the complaint, including the section on venue, that the Plaintiff alleges that the Defendants are subject to personal jurisdiction in New Jersey, which makes venue here proper under 28 U.S.C. § 1391(c). Cpl. ¶¶ 2, 4-5. The Defendants concede that "for purposes of jurisdiction and venue, the defendants 'reside' in the State of New Jersey." Ans. ¶¶ 4-5. Yet this concession is contradicted just two paragraphs earlier where Defendants state that venue is

NOT FOR PUBLICATION

improper in the District of New Jersey because "The defendants in this matter … are both entities which reside in the State of Nevada." Ans. ¶ 2.

Whether the Answer constitutes concession that the Defendants reside in New Jersey for the purposes of venue or not, the Defendants do not challenge personal jurisdiction in their motion to transfer venue. Under Rule 12(h)(1) of the Federal Rules of Civil Procedure, a defendant who makes a motion based on improper venue waives the defense of lack of personal jurisdiction if this defense is omitted from that motion. See Zelson v. Thomforde, 412 F.2d 56, 59 (3d Cir. 1969) ("[B]ecause personal jurisdiction may be conferred by consent of the parties, expressly or by failure to object, a court may not sua sponte dismiss for want of personal jurisdiction, at least where a defendant has entered an appearance by filing a motion ….") (internal citations omitted). Because the Defendants have failed to object to personal jurisdiction, they concede that they are subject to this Court's jurisdiction. The Defendants are corporations and are deemed to reside wherever they are subject to personal jurisdiction under 28 U.S.C. § 1391(c). It follows that venue in New Jersey is proper under 28 U.S.C. § 1391(a)(1).[1] Because venue is proper here, the argument that this action could only have been brought in the District of Nevada fails. The motion for mandatory transfer or dismissal under § 1406 is denied.

While venue is proper in New Jersey, the Court may transfer the case to Nevada based on *forum non conveniens* under § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the movants, the defendants

---

[1] Plaintiff has not yet served Defendant John Doe; this Court must dismiss the action against this Defendant if good cause is not shown for the failure to name and serve him in a timely manner. Fed. R. Civ. Pro. 4(m). Once the Plaintiff names this Defendant he will have the burden of presenting a prima facie case that this Court has personal jurisdiction over that Defendant. It is possible that this Court will not have personal jurisdiction over this Defendant. It is also possible that this Defendant will not reside in New Jersey for purposes of venue, making venue in New Jersey improper unless John Doe is dismissed. It is the Plaintiff's risk to take that his choice of venue may result in dismissal of particular claims at a later date.

**NOT FOR PUBLICATION**

in this case bear the burden of establishing the need for transfer under § 1404(a). <u>Jumara</u>, 55 F.3d at 879 (internal citations omitted). "And, 'in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed.'" <u>Id.</u>

Courts have considerable discretion regarding whether to transfer a case based on § 1404(a).

> In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum."

<u>Jumara</u>, 55 F.3d at 879. The Third Circuit has listed the public and private interests a court should consider in determining whether to transfer a case:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

<u>Id.</u> at 879-80 (internal citations omitted).

The plaintiff's forum preference is given great weight regardless of his personal circumstances. Here, the Plaintiff is an octogenarian who was has allegedly suffered serious injury, making his home state the obviously more convenient choice for him. The Defendants have made no arguments regarding transfer under § 1404(a). Instead they rely

NOT FOR PUBLICATION

on their argument that "venue is completely lacking with respect to the District of New Jersey …." Rep. Br. at 2. Obviously the Defendants' preference is to litigate this case in the District of Nevada, and the claim arose in Nevada. These two factors are not enough to outweigh the Plaintiff's choice of forum and the Plaintiff's physical condition.

One public factor does weigh in favor of transfer: that Nevada judges would presumably be more familiar with the law likely to be applied in this case. None of the other public factors plays a significant role here. Overall, the public factors do not carry the Defendant's burden of showing need to transfer.

## CONCLUSION

There is no basis for mandatory transfer under § 1406 because under 28 U.S.C. § 1391(c) venue is proper wherever defendant corporations are subject to personal jurisdiction. Transfer of venue pursuant to § 1404(a) is also denied.  Defendants have not met the burden to establish a need for transfer that overcomes the presumption in favor of Plaintiff's forum choice. The motion to transfer venue is denied.

s/ William H. Walls
United States Senior District Judge